IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:05-CR-111-D-1
No. 4:07-CV-121-D

| | |
|---|---|
| HERMAN KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner Herman King ("petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner also moves for appointment of counsel and an evidentiary hearing concerning the section 2255 motion. In response, the government ("respondent") filed a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. See Fed. R. Civ. P. 12(b)(6), 56. As discussed below, petitioner's motion to vacate his sentence under section 2255 is denied, and the government's motion for summary judgment is granted. Additionally, petitioner's motions for appointment of counsel and an evidentiary hearing are denied.

I.

On May 15, 2006, petitioner pleaded guilty, pursuant to a plea agreement, to possessing with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On September 15, 2006, petitioner was sentenced to 204 months imprisonment. Petitioner filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner raises the following claims in his section 2255 motion: (1) that the government breached the plea

agreement when it enhanced petitioner's offense level by two levels for a dangerous weapon under U.S. Sentencing Guidelines ("guidelines" or "U.S.S.G") section 2D1.1(b)(1); (2) that counsel violated petitioner's Sixth Amendment right to effective assistance of counsel by failing to object to the section 2D1.1(b)(1) gun enhancement; (3) that counsel failed to correctly review the guidelines, interview petitioner regarding the Pre-Sentence Investigation Report ("PSR"), and learn that petitioner had a borderline range of intellectual functioning; (4) that counsel did not consult with petitioner concerning his appeal rights; (5) that the court violated petitioner's rights under United States v. Booker, 543 U.S. 220 (2005), when the court enhanced the sentence by two offense levels under section 2D1.1(b)(1) for a dangerous weapon; (6) that counsel was ineffective in plea negotiations when counsel promised that counts two and three of petitioner's indictment would be dismissed and that there would be no enhancement; and (7) that petitioner's criminal history category substantially over-represented petitioner's criminal history.

II.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56. The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis removed). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court

2

must view the evidence and the inferences drawn from the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).

A.

Petitioner first contends that the government breached the plea agreement when it advocated enhancing petitioner's offense level by two levels for use of a dangerous weapon. See U.S.S.G. § 2D1.1(b)(1). The plea agreement states: "This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein." Mem. of Plea Agreement ¶ 1. The court has examined petitioner's plea agreement and finds that nothing in the plea agreement indicates the government promised to refrain from advocating a section 2D1.1(b)(1) enhancement for possession of a firearm in connection with petitioner's drug offense.

B.

Petitioner next argues that his Sixth Amendment right to effective assistance of counsel was violated because counsel failed to object to the section 2D1.1(b)(1) gun enhancement at sentencing. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In an affidavit dated September 18, 2007, petitioner's counsel, Assistant Federal Public Defender Joseph B. Gilbert, stated that he did not object to the two-level enhancement because the objection would have made no difference in the advisory sentencing guideline range in light of petitioner's status as a career offender. See Gov't Mem. in Supp. of Mot. to Dismiss Ex. A ¶ 4. During petitioner's sentencing, the court adopted the PSR, which indicated a base offense level of 32 and applied a two-level enhancement for possession

3

of a dangerous weapon in connection with the offense. See PSR ¶¶ 50–51. However, because petitioner is a career offender, petitioner's offense level was increased to 37 under section 4B1.1. See id. ¶ 56. Counsel's failure to object to the enhancement had no effect on petitioner's total offense level. Petitioner fails to show a reasonable probability that but for counsel's alleged error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

C.

The court next addresses petitioner's claim that counsel failed to correctly review the guidelines, interview petitioner regarding the PSR, and learn that petitioner had a borderline range of intellectual functioning. Petitioner argues that counsel failed to argue for downward departure based on his diminished mental capacity. See U.S.S.G. § 5K2.13. Before sentencing, counsel filed a sentencing memorandum in which counsel indicated that petitioner had a borderline I.Q. See Sent'g Mem. 3. Counsel argued that diminished capacity can provide a basis for downward departure under section 5K2.13, and that petitioner's reduced mental capacity preexisted his addiction to drugs and alcohol. Id. at 6. Based on this evidence, the court finds that petitioner is incorrect in his allegation that counsel was unaware of his diminished mental capacity or that counsel failed to argue this point on petitioner's behalf.

D.

Petitioner contends that "[c]ounsel didn't consult him about his appeal rights or any appealable issues." Mot. to Vacate 9. Oddly, petitioner also asserts "[a]fter sentencing counsel did meet with movant. Counsel told Movant not to appeal." Id.

"The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular

4

defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). "The Supreme Court specifically defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 477). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. If counsel fails to consult with his client about an appeal, "the court must then ask whether the failure to consult itself constitutes deficient performance." Witherspoon, 231 F.3d at 926.

Counsel's affidavit expressly refutes petitioner's allegations. In the affidavit, counsel Gilbert states:

> [A]fter sentencing, I met with Mr. King in the holding cell, and informed him of his appellate rights. I pointed out that it was up to him to decide whether or not to appeal, and pointed out that if he appealed, the government would not consider filing a Rule 35 motion for a further sentence cut. He elected not to appeal, and signed the attached form indicating his choice. I knew of his limited educational opportunities, so I read him the attached form before he signed it.

Gov't Mem. in Supp. of Mot. for Summ. J. Ex. A ¶ 5. Gilbert's attached a form entitled "Acknowledgment of Appellate Rights and Election Regarding Appeal" to his affidavit. Petitioner checked a line marked "do not wish to appeal" and signed the form acknowledging that "[m]y attorney has answered any and all questions I have about my appeal rights, and I understand those rights." Id. at Ex. A, Attach. 1. Petitioner claims that there was no discussion concerning an appeal. Petitioner's signature on the acknowledgment form directly refutes his claim. The court is not

5

required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255; Witherspoon, 231 F.3d at 925-26; United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988). Based on counsel's affidavit and petitioner's signed acknowledgment form, counsel did in fact consult with petitioner concerning petitioner's appellate rights and petitioner chose not to appeal.

E.

Petitioner next argues that the court violated his rights under United States v. Booker when the court enhanced his sentence by two offense levels under section 2D1.1(b)(1) for possession of a dangerous weapon in connection with the drug offense. See PSR ¶ 51. Petitioner did not retain the right to challenge the court's decision to sentence him within his advisory guideline sentencing range. See Mem. of Plea Agreement ¶ 2(c). Petitioner retained only the ability to challenge ineffective assistance of counsel and prosecutorial misconduct through a post-conviction motion. Id. To the extent petitioner couches his argument as a claim for ineffective assistance of counsel during sentencing, the court has already rejected that contention.

F.

The court next addresses petitioner's claim that counsel was ineffective during plea negotiations between petitioner and the government when counsel allegedly promised that counts two and three of petitioner's indictment would be dismissed and that there would be no enhancement for the conduct charged therein. Under Strickland, in order to establish ineffective assistance of counsel, petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694.

6

In this case, counsel effectively negotiated with the government to dismiss two of petitioner's counts, which significantly decreased the advisory sentencing guideline range from a maximum of life imprisonment to 327 months imprisonment. See Gov't Mem. in Supp. of Summ. J. Ex. A ¶ 2. The court also finds that an objection challenging the PSR's two-level enhancement for possession of a dangerous weapon would have had no effect in light of petitioner's status as a career offender. See PSR ¶¶ 51–56; U.S.S.G. § 4B1.1. Thus, petitioner fails to show that his attorney's actions prejudiced him.

G.

Lastly, petitioner argues that his criminal history category substantially over-represents his criminal history. This type of claim generally cannot be raised through a section 2255 motion. "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999). The court finds no such extraordinary circumstances in this case.

III.

In viewing the evidence and inferences drawn from the evidence in the light most favorable to petitioner, no genuine issue of material fact exists and respondent is entitled to judgment as a matter of law. The court also finds no need for an evidentiary hearing. As for petitioner's motion for counsel, petitioner is not entitled to counsel in this section 2255 action. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (finding no right to counsel on collateral review of a conviction). Moreover, petitioner has failed to show that the "interests of justice" require that he be appointed counsel. See 18 U.S.C. § 3006A(a)(2); United States v. Riley, 21 F. App'x. 139, 141 (4th Cir. 2001) (per curiam) (unpublished). Finally, the court notes that on August 27, 2007, the clerk of court extended the government's time to respond to petitioner's motion to vacate. The government filed

its response within the court-ordered deadline, rendering petitioner's motion for default judgment moot.

IV.

For the reasons explained above, respondent's motion for summary judgment is GRANTED [D.E. 34]; petitioner's motion to vacate his sentence is DENIED [D.E. 28]; petitioner's motion for an evidentiary hearing is DENIED [D.E. 38]; petitioner's motion to appoint counsel is DENIED [D.E. 38]; and petitioner's motion for default judgment is DISMISSED as moot [D.E. 33].

SO ORDERED. This 14 day of November 2007.

JAMES C. DEVER III
United States District Judge