IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:05-CR-111-D
No. 4:07-CV-121-D

| | | |
|---|---|---|
| HERMAN KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On August 17, 2015, Herman King ("King") filed a motion for reconsideration [D.E. 92]. King contends that he was not sentenced as a career offender and that the court has discretion to provide relief under 18 U.S.C. § 3582(c). See id.

The court is very familiar with King's case. See [D.E. 39, 49, 68, 69, 82, 91]. The court sentenced King as a career offender. See Presentence Investigation Report ("PSR") ¶ 25. Nonetheless, even if this court has discretion to reduce King's sentence, the court would not do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce King's sentence, the court finds that King engaged in serious criminal conduct involving cocaine base (crack). See PSR ¶¶ 1–6. Furthermore, King has a lengthy and disturbing criminal history, including multiple convictions for serious drug offenses and violent behavior. See id. ¶¶ 9–21.

Moreover, when not incarcerated, King has a poor work history. See id. ¶¶ 34–47. Additionally, while incarcerated on his federal sentence, King has not distinguished himself. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that King received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing King's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and poor work history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). King's serious criminal conduct, criminal history, and poor work history do not support reducing King's sentence. Thus, the court denies King's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

The motion for reconsideration [D.E. 92] lacks merit and is DENIED.

SO ORDERED. This 26 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge